IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

EDDIE I. BYERS, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-13-463-FHS-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

**REPORT AND RECOMMENDATION**

Plaintiff Eddie I. Byers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 17, 1967 and was 46 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant has worked in the past as a grounds supervisor. Claimant alleges an inability to work beginning August 1, 2011 due to limitations resulting from rheumatoid arthritis,

3

disc herniation, breathing problems, and diabetes mellitus.

**Procedural History**

On September 21, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge James Bentley ("ALJ") on May 23, 2013 by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. The ALJ issued an unfavorable decision on June 10, 2013. On August 19, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with restrictions.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to

4

make a proper RFC determination; and (2) making erroneous findings at step five.

**RFC Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of history of osteoarthritis, diabetes mellitus, depressive disorder, NOS, alcohol dependence in sustained remission, and anti-social personality disorder. (Tr. 12). He concluded that Claimant retained the RFC to perform light work except that he was limited to simple work with some detailed tasks and occasional contact with co-workers, supervisors, and the general public. Claimant would require a sit/stand option with no more than one change in position every 30 minutes without leaving his workstation. Claimant must avoid operating foot controls bilaterally. The ALJ found Claimant would need to avoid concentrated exposure to dust, fumes, odors, and gases. He could occasionally balance, stoop, kneel, and climb stairs. (Tr. 16). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of housekeeper, circuit board assembler, food and beverage order clerk, and parking lot attendant, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 24). Based upon these findings, the ALJ concluded Claimant was not

5

disabled from August 1, 2011 through the date of the decision.  Id.

Claimant contends the ALJ was deficient in his evaluation of Claimant's RFC.  As a subset of this generalized argument, Claimant first asserts the ALJ failed to properly develop the record because he did not require consultative examiners to complete a medical source statement.  Certainly, the regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations require the reversal and remand of a case because such statements were not obtained.  Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete."  20 C.F.R. § 416.919n(c)(6); see also 20 C.F.R. §§ 404.1513(b)(6), 416.913(b)(6); Branam v. Barnhart, 385 F.3d 1268, 1273 (10th Cir. 2004).  Therefore, the failure of the ALJ to obtain a statement from the consultative examining physicians does not constitute reversible error.

Claimant also contends the ALJ failed to consider all of the evidence of his impairments and include such evidence in the assessment of Claimant's RFC.  Claimant first notes that Claimant was using a cane on several occasions. (Tr. 284, 334, 342). However, the ALJ found that no physician had indicated Claimant's

6

need for a cane. (Tr. 19). Indeed, Dr. Wojciech L. Dulowski acknowledged during a November 28, 2011 examination of Claimant that "the patient walks slowly with bilateral limping. He uses a cane. His gait reveals good safety and stability. He has difficulty probably because of weight and back pain to walk on tiptoes and heels." (Tr. 284). The fact some physicians noted he was using a cane does not translate into medical necessity. This Court finds no error in the ALJ's rejection of Claimant's use of a cane as indicative of a functional limitation.

Claimant states the severity of his back and leg pain necessarily means that he cannot sit or stand for 8 hours in a work environment. The ALJ relied upon Dr. Dulowski's reporting to conclude Claimant's subjective complaints were not supported by objective evidence. (Tr. 18-19). Dr. Dulowski found Claimant had good coordination, equal strength in the upper and lower extremities, and deep tendon reflexes were symmetrical in the upper and lower extremities. Cerebral motor function was normal. This Court previously noted his findings on his stability. Grip strength was 5/5 with good gross and fine manipulation. (Tr. 284).

Dr. Dulowski's assessment of Claimant's musculoskeletal structure revealed alignment of the cervical, thoracic, and lumbar spine was normal. Claimant was very tender in the cervical and

7

thoracolumbar spine in midline with spasms of paravertebral muscles. Passive movement with slight restriction in flexion in lumbar spine. All passive movements of all upper extremity joints were normal. All passive movements of the lower extremity joints were normal. (Tr. 285). Additionally, in a report from the Good Samaritan Clinic dated February 17, 2012, Claimant was noted to have no limitation in range of motion in his lower extremities bilaterally. (Tr. 335). The ALJ noted these findings in his decision and concluded that Claimant's allegations of disabling pain in the back, knee, leg, and upper extremity was not persuasive. He did, nonetheless, consider Claimant's "body mechanical pain" resulting from obesity, diabetes and back, lower extremity, and upper extremity pain and limited Claimant to light work with the sit/stand option. (Tr. 19). He also characterized Claimant's treatment efforts as "little to none." The ALJ noted Claimant took no narcotic pain medications, had not received chiropractic treatment or injections, had not seen an orthopedic or pain management specialist, had not been hospitalized or received emergency room treatment. Id. These findings necessary bear upon the issue of Claimant's credibility as to whether they should have been included in the RFC assessment.

It is well-established that "findings as to credibility should

be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

An ALJ cannot satisfy his obligation to gauge a claimant's credibility by merely making conclusory findings and must give reasons for the determination based upon specific evidence.

Kepler, 68 F.3d at 391. However, it must also be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ adequately discounted Claimant's credibility with reliance upon specific findings by medical professionals contained in the record before him.

Claimant further contends the ALJ should have included additional mental restrictions in his RFC. Again, Claimant relies upon a failure of the ALJ to obtain a medical source statement from Dr. Brandmiller as a basis for reversal. As already stated, such an omission is not reversible error.

The ALJ relied upon the mental RFC assessment conducted by Dr. E. Czamecki on April 4, 2012. Dr. Czamecki found Claimant was markedly restricted in one functional area - the ability to interact appropriately with the general public. (Tr. 329). In his assessment, Dr. Czamecki found Claimant to be able to perform simple and some complex tasks, could relate to co-workers and supervisors on a superficial work basis, and could adapt to a work situation. He also determined Claimant could not relate to the general public. (Tr. 330). After considering the ALJ's reliance upon the objective medical evidence and opinion evidence, he was justified in failing to include the additional limitations in his

RFC assessment. This Court, therefore, finds no error in the ALJ's final RFC determination.

**Step Five Analysis**

As a final argument, Claimant asserts the ALJ did not include all of Claimant's impairments and functional limitations in his hypothetical questioning of the vocational expert. As a result, he contends the ALJ's findings at step five were erroneous. This issue relies upon a finding that the ALJ should have included additional physical and mental restrictions in his RFC determination. This Court has already determined that no additional limitations were warranted in the ALJ's RFC. The ALJ's hypothetical questioning accurately reflected the RFC found by the ALJ. (Tr. 55-60). As a result, no error is attributed to the questioning or the step five findings.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with

the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE